UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KARLA ESTRADA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01868-JPH-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Karla Estrada is an Indiana prison inmate who was convicted in a prison disciplinary proceeding, case number IWP 19-03-0040, of being a habitual rules violator. She was sanctioned with the loss of telephone and commissary privileges and a suspended period of time in restricted housing. Dkts. 1-1, p. 3, & 10-3 (Report of Disciplinary Hearing). The Respondent moves to dismiss Ms. Estrada's petition for a writ of habeas corpus because her sanctions do not affect the fact or duration of her confinement. Dkt. 10. Ms. Estrada contends the collateral consequences of the sanctions – specifically that she had to remain at a lower credit-earning class for two months longer than she would have if she did not have the conviction – affect the duration of her confinement and therefore this action should not be dismissed. Dkt. 12. Because a collateral consequence of a conviction is not a sanction that was imposed in the proceeding being challenged, it does not affect the fact or duration of confinement for habeas corpus purposes. Accordingly, for this reason, more fully explained below, the Respondent's motion is **granted**.

In habeas corpus actions, jurisdiction is grounded on the fact or duration of custody. "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d

1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

In *Smith v. Wilson*, 264 F. App'x 503, 504 (7th Cir. 2008), the Seventh Circuit addressed and rejected the same argument Ms. Estrada makes here:

> In Indiana, prisoners are categorized as either Class I (in which the prisoner earns one day of credit for each day served), Class II (in which a prisoner earns one day credit for every two days served), and Class III (in which the prisoner earns no credit). Ind. Code § 35-50-6-3. The prison can shift prisoners to lower classes as punishment and can raise them to higher classes as reward. Ind. Code §§ 35-50-6-4, 35-50-6-7. Smith argues that the mere fact that he was disciplined for an offence (regardless of the discipline imposed) caused him to languish in Class III because Indiana law requires prisoners to remain offense-free for six months before earning elevation to the next-highest class. Smith's argument – if true – would bring his claim within [28 U.S.C.] § 2254 because any offence would necessarily result in a six-month period during which he could not earn good-time credits at an increased rate.
>
> The Indiana statute, however, shows that a demotion in class is not the automatic result of any discipline imposed and that a prisoner can be reinstated to a higher class whenever the prison feels they are deserving (with a review of a prisoner's merit occurring at least every six months). Ind. Code § 35-50-6-4. Because loss of credit-earning potential is not an inevitable result of Smith's violations, the disciplinary hearings he attacks do not implicate the length of his sentence. Any improvement to his rate of earning good-time credits remains at the complete discretion of the prison; his only entitlement is to a re-evaluation of his credit-earning class every six months. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) ("Section 1983 must be used where a claim, if decided favorably to the prisoner, at best might accelerate the accrual of good time").

Therefore, under *Smith*, *Washington, Cochran,* and *Montgomery*, *supra*, Ms. Estrada's claim of a collateral consequence from the hearing held in IWP 19-03-0040 is insufficient to demonstrate a sanction that affects the fact or duration of confinement.

## Conclusion

The Respondent's October 2, 2019, motion to dismiss, dkt. [10], is **granted**. This action is **dismissed for lack of jurisdiction**. Final judgment consistent with this Order shall now enter.

**SO ORDERED**.

Date: 11/27/2019

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Karla Estrada
215347
Rockville Correctional Facility
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

Natalie Faye Weiss
Indiana Attorney General
natalie.weiss@atg.in.gov